## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>NICHOLAS DANIEL HACHENEY,<br><br><div align="center">Petitioner.</div> | No. 53274-3-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Nicholas Hacheney seeks relief from personal restraint imposed as a result of his 2008 conviction for first degree murder. He was sentenced to 320 months of confinement, including a 240-month mandatory minimum term of confinement under former RCW 9.94A.120(4) (1997). Under that statute, an offender cannot earn early release credits during that 240-month term. In *State v. Cloud*, 95 Wn. App. 606, 617-18, 976 P.2d 649 (1999), this court held that Initiative 593, which was codified as former RCW 9.94A.120(4), was unconstitutional as it violated the single subject requirement of article II, section 19 of the Washington State Constitution. Hacheney argues that the constitutional infirmity of former RCW 9.44A.120(4) was not remedied until after the *Cloud* decision, which was after the date of his crime, so the prohibition on earning early release credits during the mandatory minimum term of confinement was unconstitutional as to him.

But as the *Cloud* court noted, former RCW 9.94A.120(4) had been reenacted before its decision, and it expressed no opinion as to the validity of the reenacted statute. 95 Wn. App. at

618 n.26. Between its original enactment in 1994 and the date of Hacheney's crime, December 26, 1997, former RCW 9.94A.120(4) was reenacted in *Laws of* 1995, ch. 108, § 3, *Laws of* 1996, ch. 93, § 1, and *Laws of* 1997, ch. 69, § 1, ch. 121, § 2, ch. 144, § 2, ch. 338, § 4, and ch. 340, § 2. *Laws of* 1997, ch. 338 was titled: "AN ACT Relating to offenders . . . reenacting and amending RCW 9.94A.030, 9.94A.120." Thus, by the time of Hacheney's crime, former RCW 9.94A.120(4) had been validly reenacted and was no longer constitutionally infirm. *Pierce County v. State*, 159 Wn.2d 16, 40-41, 148 P.3d 1002 (2006).

Hacheney does not present grounds for relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

MAXA, C.J.

LEE, J.